IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISRAEL TORRES, :
         Plaintiff :
          :
    v. : CIVIL NO. 1:11-CV-863
          :
JEFFREY BEARD, *et al.*, :
         Defendants :

*M E M O R A N D U M*

I. *Introduction*

      Plaintiff, Israel Torres, a Pennsylvania prisoner, filed this counseled federal civil-rights action arising from an alleged beating inflicted by his cell mate, Enrique Sanabria, while both were incarcerated in the restricted housing unit at SCI-Dallas in Dallas, Pennsylvania.  Plaintiff avers that the defendant prison officials and officers (and a prison psychiatrist as well) knew that Sanabria was dangerous to his cell mates but placed Plaintiff in a cell with him anyway.  As a result, "Sanabria assaulted Plaintiff Torres, tied and gagged him and brutally beat him."  (Complaint ¶ 4).  Plaintiff also makes state-law claims.

      We are considering a motion to dismiss filed by the "Commonwealth Defendants," the nine Department of Corrections officials and officers named as defendants.  The Commonwealth Defendants move to dismiss the complaint under Fed. R. Civ. P. 12(b)(5) for untimely service as the complaint was not served on them within 120 days of its filing as required by Fed. R. Civ. P. 4(m).  These defendants also invoke

the Eleventh Amendment as barring the action against them in their official capacities and state-law sovereign immunity.

II.  *Background*

We take this background from the complaint and the evidentiary submissions of the parties in connection with the Commonwealth Defendants' motion. Plaintiff alleges that the beating occurred on or about May 5, 2009, (Compl. ¶ 4) and filed his complaint on May 5, 2011, exactly two years later.  On May 16, 2011, Plaintiff's counsel's secretary mailed to each of the ten defendants by first-class mail a copy of the complaint, a cover letter, a notice of lawsuit, a request for waiver of service of summons, and a form for waiver of service of summons.  Plaintiff's counsel received no response to these mailings.  Defendants represent they never received these mailings.

No return of service was filed with the court.  About six months after the complaint was filed, on October 19, 2011, the court issued an order requiring Plaintiff to show good cause by October 31, 2011, why service had not been made within 120 days of the filing of the complaint as required by Fed. R. Civ. P. 4(m).  On October 31, 2011, Plaintiff filed a "response," stating in pertinent part, that "[t]hrough an oversight counsel failed to realize that the waiver of service was not returned by defendants . . . ."  (Doc. 4, Response ¶ 6).  The response requested an additional sixty days to effect service.

The court did not rule on the request.  On December 20, 2011, Plaintiff requested the issuance of summonses.  On or about December 28, 2011, Plaintiff served the Commonwealth Defendants.  (Doc. 8, return of service).  On January 17,

2012, the Commonwealth Defendants filed their motion to dismiss.

III.   *Discussion*

      A.  *The Court Will Exercise Its Discretionary Authority to Accept the Untimely Service of Process on the Commonwealth Defendants*

Fed. R. Civ. P. 4(m) requires service of the complaint within 120 days of filing, and if service is not accomplished within that time frame, the court can either dismiss the action or extend the time for service.  If a plaintiff establishes good cause for his failure to make timely service, the court must grant an extension of time for doing so.  As the Rule provides:

> **(m) Time Limit For Service.**  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In ruling on a motion to extend the time for service, the Third Circuit has decided that the court must employ a two-pronged inquiry.  First, it must determine whether good cause for the failure to effect timely service exists.  "If good cause is present, the district court must extend time for service and the inquiry is ended." *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995).  Second, even if good cause does not exist, the court still has discretion to either dismiss the case without prejudice or extend the time for service.  *Id.*

Rule 4(m) does not define "good cause," but the Third Circuit has equated it with the "excusable neglect" standard under Fed. R. Civ. P. 6(b)(2).  *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).  Thus, good cause (following from excusable neglect) "require[s] a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."  *Id.*  "[T]he primary focus is on the plaintiff's reasons for not complying with the time limit in the first place."  *Id.*; *Boley v. Kaymark,* 123 F.3d 756, 758 (3d Cir. 1997) (quoting *MCI Telecommunications*, 71 F.3d at 1097)).

In moving to dismiss the complaint, the Commonwealth Defendants argue that Plaintiff did not have good cause to serve them beyond the 120-day deadline because Plaintiff admits his counsel's "oversight" caused the untimely service and inadvertence of counsel is not good cause.

We agree.  In the instant case, when it became clear that the defendants were not returning waivers of service, Plaintiff's counsel should have taken the next step and effected service.  It is not enough to point to the mailing of the waiver-of-service forms.  *Petrucelli*, *supra*, 46 F.3d at 1307 ("A prudent attorney exercising reasonable care and diligence would have inquired into the matter further when it was obvious that the acknowledgment form was not forthcoming.").  It does not assist Plaintiff that his counsel eventually effected service on or about December 29, 2011, when that service was well beyond the 120-day deadline.  Nor can Plaintiff rely on the October 19, 2011,

request for a sixty-day extension of time when that request also fell outside the 120-day period. *See Beckerman v. Susquehanna Twp. Police & Admin.*, 254 F. App'x 149, 154 (3d Cir. 2007) (nonprecedential) (no good cause for extension based in part on failure of Plaintiff to move for extension of time before the expiration of the 120-day period). In short, Plaintiff's counsel did nothing within the 120-day period to effect service. This "oversight" precludes a finding of good cause. *Petrucelli*, *supra*, 46 F.3d at 1307 (good cause will not be found based on "inadvertence of counsel," "half-hearted efforts by counsel," or "reliance upon a third party or on a process server." (internal quotation marks and quoted case omitted). A plaintiff's "disregard for . . . the 'technical niceties' of service of process" does not constitute good cause. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996)). *See also Momah v. Albert Einstein Med. Ctr.*, 158 F.R.D. 66, 69 (E.D. Pa. 1994) (failure to timely serve a complaint will not be excused when the omission was due to the attorney's lack of diligence in effectuating the requirements of the rule).

Having concluded that the Plaintiff has not demonstrated good cause for his failure to comply with Rule 4(m), the court now must determine whether we should nonetheless exercise our discretion to accept the untimely service made in December 2011. In exercising our discretion, we "may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an

extension or dismiss the complaint." *Chiang v. United States Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (nonprecedential). One of those other factors is the Third Circuit's preference for deciding cases on their merits rather than on procedural technicalities. *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 528 (M.D. Pa. 2010).

In arguing that we should not exercise our discretion to accept the untimely service, the Commonwealth Defendants rely on the following: (1) Plaintiff is represented by counsel; (2) Plaintiff waited 118 days after the expiration of the 120-day period to serve the defendants; (3) Plaintiff failed to move for an extension of time before the expiration of the 120-day period; (4) the defendants could have been easily served where they worked; (5) the expiration of the statute of limitations is not a reason by itself to allow untimely service; and (6) the defendants would be prejudiced if the case were allowed to proceed since it would deprive them of the defense of the statute of limitations.[1]

---

[1] If we were to agree with the Commonwealth Defendants that no extension should be granted for service, we would have to dismiss the complaint without prejudice. That creates a statute-of-limitations problem for Plaintiff. We need not decide the exact filing deadline (for example, statutory tolling might apply, *see Howard v. Mendez*, 304 F. Supp. 2d 632, 638 (M.D. Pa. 2004) (Caldwell, J.)), but in Pennsylvania a two-year statute of limitations applies to civil-rights actions, *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009), and Plaintiff filed his complaint exactly two years after the alleged assault. "A 'statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice,' as 'the original complaint is treated as if it never existed.'" *Brennan v. Kulick,* 407 F.3d 603, 606 (3d Cir. 2005) (quoting *Cardio–Medical Assocs. v. Crozer–Chester Med. Ctr.,* 721 F.2d 68, 77 (3d Cir. 1983)). Dismissal without prejudice thus means that a new complaint could be met with a successful limitations defense.

In opposition, Plaintiff argues, in relevant part, that the defendants have not been prejudiced by the delay in service and that Plaintiff would be harmed because the statute of limitations would bar any future suit. In support of the latter point, Plaintiff cites in part an advisory committee note to Rule 4(m) stating that an extension may be justified in the absence of good cause if the statute of limitations would bar a new action. *See Boley*, *supra*, 123 F.3d at 758 (quoting the committee note).

The first four reasons advanced by the defendants only establish that Plaintiff did not have good cause for the untimely service. We have already agreed with that point. However, as the Third Circuit has noted, even if good cause is not established, Rule 4(m) nonetheless give us discretion to allow untimely service. *Boley*, 123 F.3d at 758, 759-60 (remanding to the district court for a proper exercise of discretion after noting that the lower court's reasons for not allowing an extension for service merely recapitulated its reasons for finding lack of good cause).

In regard to the statute of limitations, we find that this factor favors Plaintiff, not the defendants. As Plaintiff's citation to the Rule 4(m) committee note shows, we may rely on the expiration of the statute of limitations to condone untimely service. *Boley*, 123 F.3d at 758-59.[2] The defendants argue they would be prejudiced if we

---

[2] We need not rely on this factor alone, but we note that the defendants' assertion that the limitations issue cannot by itself justify an extension is not supported by the case they cite, *Gayden v. HQ Fort Dix*, No. 04-5299, 2006 WL 2318917, at *3 (D. N.J. Aug. 9, 2006). Citing *Petrucelli, supra,* 46 F.3d at 1307 n.11, and *MCI Telecommunications Corp., supra,* 71 F.3d at 1097-98, *Gayden* said that the expiration of the statute of limitations and lack of prejudice to the defendants did not justify a finding of good cause to extend the service deadline. At this point, we are dealing with our discretionary authority to extend the time for service.

allowed the case to proceed because it would deprive them of the defense of the statute of limitations.  There are two problems with this argument.  First, prejudice to the defendant must be more than an inability to invoke the statute of limitations; it must "damage a defendant's ability to defend on the merits."  *Id.* at 759.[3]  Second, interpreting Rule 4(m), "under which the court may extend the time for service to *avoid* the bar of limitations, to authorize the court to *refuse* to extend it so the defendant may gain the *benefit* of that bar appears to us to be inconsistent with its purpose."  *Id.* at 758 (emphasis in original).[4]

       We will therefore exercise our discretionary authority under Rule 4(m) to accept the untimely service on the Commonwealth Defendants.  We base this on the following factors: (1) the applicable statute of limitations may bar a new action; (2) lack of

---

[3] In their reply brief, the defendants argue that after two years plus 120 days it is reasonable for a potential defendant "to presume that no claim was filed and begin acting accordingly in terms of document and evidence retention." (Doc. 12, ECF p. 8). We will not consider this argument because it was made for the first time in the reply brief, it does not say that the defendants actually started disposing of records, and it is not supported by any evidentiary material.

[4] Defendants also rely on our decision in *Beckerman v. Susquehanna Twp.*, No. 05-349, 2005 WL 3488409, at *3 (M.D. Pa. Dec. 21, 2005), affirmed in *Beckerman, supra,* 254 F. App'x 149 (3d Cir. 2007) (nonprecedential), where we exercised our discretion to dismiss an amended complaint that had been served only two days after the 120-day period had expired and where a new suit might be barred by the statute of limitations. *Beckerman* is distinguishable because the plaintiff there did not brief whether our discretionary authority under Rule 4(m) allowed us to extend the time for service. In fact, neither party did. 2005 WL 3488409, at *3 ("Next, we must determine whether we should exercise our discretion to extend the time for service. Neither party has addressed this aspect of the Rule 4(m) analysis."). Further, the plaintiff had "made no real attempt to persuade us that we should grant him an extension of time." *Id.*

prejudice to the defendants; and (3) the Third Circuit's preference that cases be tried on the merits.

Since the action will continue, we turn to the other arguments raised in the defendants' motion.

### B. *The Eleventh Amendment Bars Damages Claims Against the Commonwealth Defendants in Their Official Capacities*

The Commonwealth Defendants argue that the Eleventh Amendment bars the damages claims against the Commonwealth Defendants in their official capacities. Plaintiff concedes that this is correct

We agree. The Eleventh Amendment bars suits for monetary damages against a state and its agencies in federal court. *See Pennhurst v. Halderman,* 465 U.S. 89, 99-100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984)*; A.W. v. Jersey City Public Schools*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25-27, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). The Commonwealth of Pennsylvania has expressly withheld consent and has not waived its Eleventh Amendment immunity. *See* 42 Pa. Cons. Stat. Ann. § 8521-8522. We will therefore dismiss the damages claims against the Commonwealth Defendants in their official capacities.

### C. *Plaintiff's State-Law Claims Are Barred by Sovereign Immunity*

The Commonwealth Defendants move to dismiss the state-law claims against them on the basis of sovereign immunity. Plaintiff argues there is an exception to sovereign immunity for conduct of government employees acting within the scope of their employment that constitutes crimes, fraud or intentional torts. The defendants reply that Plaintiff incorrectly relies on law applying to local government employees, *see, e.g.*, *Sanford v. Stiles*, 456 F.3d 298, 314-15 (3d Cir. 2006), and that employees of the state do not lose their immunity even for intentional torts. We agree with the defendants. State law immunizes these Department of Corrections officials and officers as Commonwealth parties even from intentional torts. *See Williams v. Stickman*, 917 A.2d 915, 917 (Pa. Commw. Ct. 2007) (quoting *La Frankie v. Miklich,* 152 Pa. Commw. Ct. 163, 170, 618 A.2d 1145, 1149 (1992) (en banc)).

### D. *Defendant Durant Will Not Be Dismissed at This Time*

Plaintiff alleges in his complaint that defendant Dennis Durant was at the relevant time a major of the correctional officers at SCI-Dallas and was responsible for the training, supervision and conduct of three other correctional-officer defendants. (Compl. ¶ 15). Plaintiff attempted service on Durant by serving the summons and complaint on the assistant superintendent at Dallas. (Doc. 8, ECF 8).

The defendants move to dismiss the complaint as against Durant by submitting the penalty-of-perjury declaration of a human resources analyst affirming in

-10-

part that his review of Department records indicates that Dennis Durant was not working at Dallas in 2009, the year of the alleged assault, and that he left the Department's employ in December 2007.  Defendants thus argue that: (1) the claim lacks merit as against Durant; and (2) service was improper on him as he SCI-Dallas was not his place of business.

        The defendants are relying on matters outside the pleadings, so we agree with Plaintiff that attempts to remove Durant from the case at this time are premature.  A fuller record will allow a better adjudication of the defendants' claim that Durant was never properly served and should not, in any event, be in the case as he was not working at SCI-Dallas during the relevant time.

        We will issue an appropriate order.

        /s/ William W. Caldwell  
        William W. Caldwell  
        United States District Judge

Date: September 20, 2012

-11-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISRAEL TORRES,                        :
    Plaintiff                       :
                                      :
  v.                                  : CIVIL NO. 1:11-CV-863
                                      :
JEFFREY BEARD, *et al.*,              :
    Defendants                      :

*O R D E R*

AND NOW, this 20th day of September, 2012, it is ORDERED that:

  1.  The motion (Doc. 6) to dismiss filed by the "Commonwealth Defendants" is granted in part and denied in part.

  2.  The motion is denied as to untimely service of process on the Commonwealth Defendants and as to the claim against defendant Durant.

  3.  The motion is granted as to the Commonwealth Defendants' Eleventh Amendment defense and state-law sovereign immunity defense.

  4.  All claims for damages against the following defendants, Jeffrey Beard, Michael Klopotoski, Vincent Kopec, Joseph Zakarauskus, Dennis Durant, Major Brittian, Lt. Bleich, Corrections Officer Semon, and Corrections Officer Ditrick, in their official capacities are dismissed.

  5.  All state-law claims against the following defendants, Jeffrey Beard, Michael Klopotoski, Vincent Kopec, Joseph Zakarauskus, Dennis Durant, Major Brittian, Lt. Bleich, Corrections Officer Semon, and Corrections Officer Ditrick are dismissed on the basis of state sovereign immunity.

  6. Plaintiff's motion (Doc. 4) for an extension of time to effect service of process is dismissed as moot.

           /s/ William W. Caldwell
          William W. Caldwell
          United States District Judge